Terry, 126 App. Div. 479, 110 N. Y. Supp. 646 when counsel "depart entirely from the evidence in their arguments, and make remarks intended solely to excite the passions or prejudices of a jury, there is every reason, especially in a close case, why the court should intervene and protect a party from a verdict rendered against him which may have been influenced by such remarks, rather than by the evidence in the case."

Remarks addressed to a jury, intended solely to excite sympathy for a client, are as much to be condemned, and the duty of the court is the same, as in a case where it is sought by the same methods to excite their passions or prejudices. While it has been held that for trifling and inadvertent errors of this character, committed by counsel in addressing the jury, instruction of the trial court to disregard the same, and decide the issues solely upon the evidence, were sufficient to cure the evil and protect the rights of the litigants before it, it is a well-known rule that, where counsel persistently and intentionally indulge in this method of conducting a case, their contention on appeal that the wrong was repaired by proper instructions from the trial court to the jury will not be upheld. Bagully v. Morning Journal Association, 38 App. Div. 522, 56 N. Y. Supp. 605; Stewart v. Metropolitan Street Railway Co., 72 App. Div. 459, 76 N. Y. Supp. 540; Cleveland v. N. Y. & Queens County Ry. Co., 123 App. Div. 732, 108 N. Y. Supp. 362. It is no answer that the plaintiff's attorney was guilty of similar conduct. If by reason of unethical and unfair methods, resorted to by counsel during his summing up of a case, the other party is deprived of that fair trial which it is the duty of courts to secure to him, it may not be successfully contended that similar conduct, indulged in by opposing counsel, requires or is sufficient to justify an appellate court in refusing redress to the injured party. It is evident that the defendant's attorney, in making the statements and appeals to the jury appearing in the record, acted deliberately and intentionally; that he was persistent in his effort to arouse and excite their sympathy for a widowed lady, not a party to the action in person, which might and undoubtedly did result in perverting rather than promoting justice, and I think the judgment ought to be reversed.

BURR, J., concurs.

---

## In re CHEW.

(Supreme Court, Appellate Division, Second Department.　October 8, 1909.)

MUNICIPAL CORPORATIONS (§ 646*) — ORDER LAYING OUT VILLAGE STREET — CROSSING JOG OF TIDAL CREEK.

　　Where a village street is laid out along the bank of a tidal creek so as to cross a narrow jog or spur of the creek extending inland a few feet and constituting a mere break in the bank of the creek, this may be bridged, or even filled up, without constituting an encroachment on the creek; and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

permission in the order of the village trustees laying out the street to cross such jog is superfluous.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 646.*]

In the matter of the application of Emily C. Chew for writ of certiorari directed to the Board of Trustees of the Village of Babylon to review the proceedings of the trustees of the village of Babylon, in Suffolk county, in laying out a street, the relator being the owner of the land to be taken. The course of the street is along Sumpwams creek, a' small and shallow tidal stream which runs into Great South Bay. The relator owns a tract of land fronting on the said creek, and the proposed street will take the front thereof. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

William G. Nicoll, for relator.

Albert D. Haff, for respondent.

GAYNOR, J. The order of the village trustees laying out and opening the street gives its west line by courses and distances, and the east line as along a certain tidal creek, with an addition that such east line should "extend out into the waters of said creek whenever necessary to make a width of fifty feet"; and the order makes two specified maps which were received in evidence and filed in the proceeding a part of the description. These maps show the said west line, and also the line of the creek. Being on a scale of 100 feet to the inch, it appears that the width between the said two lines of the street is always at least fifty feet, except at one place, where there is a narrow jog or spur (viz., about 25 feet wide) on the creek which runs into or a little over the said west line of the street. It is therefore objected by the appellant that at that point the street will be of no width for the reason that it cannot cross the said jog or spur, inasmuch as that would be to encroach on tidewater, although the order of the commissioners permits that to be done. But to bridge or even fill up this trifling jog or break in the bank would be no encroachment on the creek. The custom is to fill them up. The permission of the order to carry the line out into the water where that would be necessary to get a road width of fifty feet was put in the order only because of the objection raised before the commission in respect of this spur or jog, and is superfluous.

The order should be affirmed.

Determination affirmed, with costs. All concur.